UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVIER POSADA,

    Plaintiff,

v.                              Case No.:  2:25-cv-487-SPC-NPM

FEDERAL EXPRESS
CORPORATION,

    Defendant.

## OPINION AND ORDER

Before the Court are Defendant Federal Express Corporation's Motion to Dismiss or for a More Definite Statement (Doc. 33) and pro se Plaintiff Javier Posada's response (Doc. 37). For the reasons below, the Court grants the motion.

This is an employment discrimination case. Plaintiff, who is deaf, brings discrimination, retaliation, and hostile work environment claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 *et seq.* (Doc. 28). Plaintiff does not allege any facts in his second amended complaint. Rather, he incorporates into the complaint the facts included in his October 2025 EEOC charge of discrimination. (*Id.*). Defendant moves to dismiss the second amended complaint, arguing Plaintiff fails to state a claim. (Doc. 33).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

Plaintiff cannot simply incorporate his EEOC charge into his complaint. *See Chandler v. Volunteers of Am., Se., Inc.*, No. CV-12-S-3701-NW, 2013 WL 4058078, at *5 (N.D. Ala. Aug. 12, 2013) ("More importantly, plaintiff's indiscriminate, wholesale incorporation of the facts in her EEOC Charge, combined with her failure to organize her claims into separate counts as required by Rule 10(b), creates a textbook example of a 'shotgun pleading.'"). By doing so, he fails to provide "a short and plain statement of the claim," and to state his claims in numbered paragraphs. *See* Fed. R. Civ. P. 8(a), 10(b); *see also Skye Energy Ventures LLC v. Hollander*, No. 2:25-CV-274-SPC-KCD, 2025

WL 1795964, at *4 (M.D. Fla. June 30, 2025) (explaining attachments to the complaint cannot save pleading deficiencies because "Plaintiff must allege the requisite facts in the complaint"); *Carter v. Brown Mackie Coll. Miami & Educ. Mgmt. Corp.*, No. 15-61887-CIV, 2016 WL 6496632, at *1 (S.D. Fla. Feb. 4, 2016) ("Plaintiff's Complaint does include several attachments that shed additional light on her claims. But these attachments cannot substitute for compliance with Rule 8."). In other words, Plaintiff fails to comply with the federal pleading standards.[1] Therefore, Plaintiff's second amended complaint is dismissed, but the Court will allow him one final chance to sufficiently plead his case.

Additionally, Defendant's motion outlines several deficiencies with Plaintiff's EEOC charge. (Doc. 33 at 7–8). These points are well taken, and Plaintiff should consider them when drafting his third amended complaint.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 33) is **GRANTED**.

---

[1] Defendant raises an issue with Plaintiff's October 2025 EEOC charge. It notes that it appears to be an amended version of his April 2025 charge, which he attached to the original complaint. (Doc. 33 at 2 n.1). This is concerning because Plaintiff provides no notice of right to sue for the October charge. But the Court disregards this issue for now because Defendant does not develop it, and the amended charge does not appear to substantially alter the original charge.

2. Plaintiff's second amended complaint is **DISMISSED without prejudice.**

3. On or before **January 22, 2026**, Plaintiff may file a third amended complaint. **Failure to do so will cause the Court to dismiss this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on January 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record