UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVIER POSADA,

     Plaintiff,

v.                                                       Case No.:  2:25-cv-487-SPC-NPM

FEDERAL EXPRESS
CORPORATION,

     Defendant.

_____

## OPINION AND ORDER

Before the Court is Defendant Federal Express Corporation's motion to dismiss the fourth amended complaint.  (Doc. 58).  Plaintiff Javier Posada, proceeding pro se, responded.  (Doc. 59).  For the reasons below, the motion is granted.

## Background[1]

This is an employment discrimination case.  Plaintiff is deaf and worked as a package handler for Defendant from February 2022 until October 2, 2024.  In April 2024, Plaintiff transferred from working the night shift to the morning

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiffs.  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).  That said, "legal conclusions without adequate factual support are entitled to no assumption of truth[.]"  *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (cleaned up).

shift.  Thereafter, Plaintiff alleges he "experienced repeated disability-based harassment by coworkers, including mocking of the way Plaintiff sounds." (Doc. 55 ¶ 11).  Plaintiff reported these incidents to his supervisors and management.  Defendant did not "address[] the harassment" and instead "escalated discipline against Plaintiff." (*Id.* ¶ 13).  Plaintiff continued to report "harassment and unsafe conduct," including "incidents" that occurred in May, July, and August of 2024.  (*Id.* ¶ 14).  On August 15, 2024, Defendant suspended Plaintiff.  On October 2, 2024, Defendant issued a severance payment to Plaintiff and permanently barred him from working at its locations.  (*Id.* ¶ 16).

Plaintiff sues Defendant for discrimination (Count I) and retaliation (Count II) under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* Plaintiff amended his complaint four times.  (Docs. 12, 28, 46, 55).  The Court granted Defendant's motion to dismiss the second amended complaint, and gave Plaintiff leave to amend.  (Doc. 45).  The Court again granted Plaintiff leave to amend after Defendant renewed its motion to dismiss.  (Doc. 53).  Defendant moves to dismiss again, arguing that Plaintiff failed to cure his pleading deficiencies.

## Legal Standard

A district court should dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) when a party does not plead facts that make the claim

facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *See Twombly*, 550 U.S. at 555.

Pro se complaints are construed liberally and held to less stringent standards than formal pleadings that lawyers draft. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But this leniency has its limits. Courts neither "serve as de facto counsel for a [pro se] party," nor "rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (citation omitted).

## Analysis

Defendant argues that the fourth amended complaint should be dismissed because (1) it fails to plead an exhaustion of administrative remedies; (2) it is a shotgun pleading; and (3) it fails to state a claim under Rule 12(b)(6).

First, administrative exhaustion. "Before filing an ADA complaint, a plaintiff must exhaust administrative remedies provided by the ADA." *Jones*

*v. Bank of Am.*, 985 F. Supp. 2d 1320, 1330 (M.D. Fla. 2013) (citing *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001)). To satisfy the exhaustion requirement, a Plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") charge within 300-days of the alleged discriminatory act and bring suit within ninety days after receipt of the notice of right to sue letter.[2] *See, e.g.*, *Penaloza v. Target Corp.*, 549 F. App'x 844, 848 (11th Cir. 2013); 42 U.S.C. 2000e-5(f)(1). Plaintiff bears the burden of proving exhaustion is met. *See, e.g.*, *Myers v. Cent. Fla. Inv., Inc.*, No. 6:04-cv-1542-Orl-28DAB, 2008 WL 4710898, at *2 (M.D. Fla. Oct. 23, 2008) ("[T]he plaintiff bears the burden of proof on the issue of timely administrative filing, a condition precedent to suit."). Defendant argues that Plaintiff fails to plead exhaustion because his allegations are too vague. The Court disagrees.

Plaintiff adequately pleads administrative exhaustion. The exhaustion requirement is a "condition precedent" to suit. *Id.* Under the federal rules, "it suffices to **allege generally** that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c) (emphasis added). Plaintiff alleges generally that the exhaustion requirement is met (Doc. 55 ¶¶ 6–7), which is all he is required to do at this stage. *See O'Toole v. Ford Motor Co.*, No. 6:13-CV-849-ORL-36, 2014 WL 2532451, at *3 (M.D. Fla. Mar. 6, 2014) (finding that

---

[2] The administrative remedies of Title VII are incorporated by reference into the ADA. *See* 42 U.S.C. § 12117.

4

general allegations regarding exhaustion were sufficient at the motion to dismiss stage). So the Court rejects Defendant's exhaustion argument.

Now, the Court turns to Defendant's shotgun pleading arguments. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.P. 8(a)(2). Complaints that violate Rule 8 are referred to as shotgun pleadings. *See Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The Eleventh Circuit has identified four types of shotgun pleadings. The second type of shotgun pleading occurs when a complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. Shotgun pleadings, in whatever form they take, are impermissible because they fail to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Counts I and II constitute the second type of shotgun pleading because they are replete with vague, irrelevant, and conclusory allegations. Plaintiff incorporates all his allegations into both counts. (Doc. 55 ¶¶ 21, 27). This conflates the two causes of action and causes each count to "contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v.*

5

*Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002).  As to Count I, Plaintiff alleges discriminatory "incidents" occurred in May, July, and August of 2024.  (Doc. 55 ¶ 14).  Yet, he provides no details regarding these incidents.  He alleges Defendant "escalated discipline" but provides no facts regarding what the discipline was or how it "escalated" from prior discipline not mentioned in the fourth amended complaint.  (*Id.* ¶ 13).  Plaintiff also includes allegations regarding harassment (*Id.* ¶¶ 14, 19, 25), which are irrelevant because he brings a disparate treatment claim, not a hostile work environment claim.  *See Oaks v. AIKG, LLC*, No. 6:25-CV-1913-JA-RMN, 2026 WL 122678, at *1 (M.D. Fla. Jan. 16, 2026) (noting the difference between disparate treatment and hostile work environment claims based on disability).

Counts I and II are also the third type of shotgun pleading.  Because Plaintiff alleges "harassment" he conflates that cause of action with the claim he brings: a disparate treatment discrimination claim.  (Doc. 55 ¶¶ 14, 19, 25); *Oaks*, 2026 WL 122678, at *1 (dismissing complaint as shotgun pleading where it "commingle[d] allegations of wrongful denial of reasonable accommodations . . . disparate treatment based on disability status . . . and hostile work environment"); *Murphy v. EnProVera Corp.*, No. 3:23-CV-384-MMH-LLL, 2024 WL 1053461, at *4 (M.D. Fla. Feb. 2, 2024), *report and recommendation adopted in part*, 2024 WL 748793 (Feb. 23, 2024) (dismissing complaint where plaintiff "fail[ed] to clearly articulate under what theory he is proceeding,

6

conflating the claims of disability harassment and adverse employment action"); *Baisden v. Winter*, No. CV 204-212, 2006 WL 1431438, at *1 (S.D. Ga. May 22, 2006) (noting the difference between harassment and disparate treatment claims). To the extent Plaintiff alleges a harassment claim, it is improperly ensconced within his disability discrimination and retaliation claims. In sum, the fourth amended complaint does not delineate either of Plaintiff's causes of action in compliance with Rule 8. So the Court dismisses the fourth amended complaint as a shotgun pleading. The Court declines to reach Defendant's Rule 12(b)(6) arguments.

The fourth amended complaint fails to comply with applicable pleading standards. Plaintiff received four opportunities to replead. Indeed, he previously acknowledged his errors and asked for "one final time" to file his complaint. (Doc. 51 at 1). Even so, he failed to correct deficiencies pointed out to him and present his claims clearly. Therefore, the Court dismisses the fourth amended complaint with prejudice. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357, 1358 (11th Cir. 2018) (finding a district court acted within its discretion dismissing complaint with prejudice on shotgun pleading grounds where plaintiff had "fair notice of the defects and a meaningful chance to fix them"); *Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 903 (11th Cir. 2020) ("A district court need not allow an amendment where there has been

repeated failure to cure deficiencies by amendments previously allowed." (cleaned up)).

Accordingly, it is **ORDERED:**

1. Defendant Federal Express Corporation's Motion to Dismiss the Fourth Amended Complaint (Doc. 58) is **GRANTED**.

2. Plaintiff Javier Posada's Fourth Amended Complaint (Doc. 55) is **DISMISSED with prejudice.**

3. The Clerk is **DIRECTED** to enter judgment for Defendant, deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

8